## SARAH J. PHILLIPS *vs.* SAMUEL HOYLE.
## WILLIAM PHILLIPS *vs.* SAME.

An application under *St.* 1851, *c.* 261, to establish the truth of exceptions disallowed by the court of common pleas, cannot be made to this court, without compliance in all respects with the rule prescribed by this court under that statute. Thus giving to the adverse party, by mistake of the officer, only eight instead of ten days' notice of the application, is fatal. So is the failure to file and serve a petition, although a copy of the exceptions sought to be proved, and an affidavit of their truth and of the party's intention to establish them before this court, be duly filed and served.

A party failing for any reason to establish the truth of exceptions disallowed by the court of common pleas may argue the exceptions which were allowed by that court.

No exception lies to the exclusion of evidence offered for both of two cases tried together, which was inadmissible in one of them.

It is competent evidence to prove one the father of a bastard, that about the time of its birth he asked a witness whether he knew of a nurse for the child, if he could make a settlement of the case.

In an action by a father for the seduction of his daughter, damages to the plaintiff's feelings may be recovered, though not specially alleged in the declaration.

TWO ACTIONS founded upon the seduction by Samuel Hoyle of Sarah J. Phillips, daughter of William Phillips.

The *first* was a complaint under the bastardy act, Rev. Sts. *c.* 49, alleging the respondent to be the father of the complainant's bastard child.

The *second* was an action of tort for debauching the plaintiff's daughter and servant, and getting her with child, of which she was afterwards delivered, whereby the plaintiff was for a long space of time deprived of her services, and obliged to expend large sums of money in her nursing and care, and in the delivery of the child, and in the support of both.

The two cases were by consent tried together in the court of common pleas at June term 1855, before *Briggs*, J., who refused to sign a bill of exceptions duly presented to him by the defendant, but drew up and signed another bill of exceptions, in substance as follows:

The defendant proposed to ask a witness what was the complainant's general reputation for chastity before and at the time of the act complained of. This inquiry was proposed to be made for both cases. But it was objected to, and the objection sustained.

The judge also refused to allow the defendant to introduce evidence tending to show that the complainant had criminal intercourse with other men six months before the time when the child was alleged to have been begotten.

A witness was allowed to testify, notwithstanding the defendant's objection, "that about the time the child was born the defendant asked him if he knew of any woman who would nurse the child if he could make a settlement of the case."

The defendant requested the judge to rule that, under the declaration in the second action, the plaintiff could only recover for actual loss of service, and actual expenses of his daughter's confinement, and not for any injury to the plaintiff's feelings, in consequence of the injury stated in the declaration. But the judge ruled that the jury might give damages for injury to the plaintiff's feelings.

The jury returned a verdict against the defendant in each case, and he alleged exceptions.

The defendant, at this term, filed a petition, under *St.* 1851, *c.* 261, § 1, supported by his affidavit, to establish the truth of the allegations contained in the bill of exceptions which had been disallowed; but admitted that, by a mistake of the officer to whom the petition was committed for service, a copy of the petition and affidavit was not served on the attorney of record of the adverse parties until eight days before this term, instead of ten days, as required by the rule made by this court in Suffolk at March term, 1853, which is copied in the margin of the next page

48 *

Phillips & Phillips *v.* Hoyle.

BY THE COURT. The object of this application is to show that a judge of the court of common pleas has refused to allow exceptions according to the truth of the case. It is a case of very strict right—*strictissimi juris.* We consider ourselves bound by the rule * which we have established on this subject, under the power conferred upon us by *St.* 1851, *c.* 261, § 2; and the applicant not having brought himself strictly within it, the application must be dismissed.†

*B. Dean,* for the defendant, then proposed to argue the exceptions allowed.

*B. F. Butler* objected. The party excepting should be obliged to elect whether he will take the bill of exceptions as allowed, or seek to have the truth of his exceptions established, and another bill substituted for that allowed by the judge. If he elects the latter, and fails by his own laches, as the court have

---

* Ordered, that, whenever a party shall seek to establish before this court the truth of any allegations in a bill of exceptions which a judge of the court of common pleas shall have refused to allow and sign, in pursuance of the pro visions of *St.* 1851, *c.* 261, he shall, in all cases, file his petition, verified by affidavit, setting forth in full said allegations and all facts material thereto, at the term of the court at which the exceptions would by law have been entered, if duly signed and allowed; and shall give notice of said petition to the adverse party, by delivering a copy thereof to him, or to the attorney of record, ten days, at least, before said term. And no party shall be allowed to establish the truth of any such allegations in this court, if he shall have failed to comply with the requisitions herein prescribed.

† A similar decision was made in Middlesex, October term 1857.

DUSTIN MARBLE *vs.* JOHN S. KEYES.

APPLICATION to establish the truth of exceptions disallowed by the court of common pleas. The only paper filed was a copy of the bill of exceptions which the court of common pleas had refused to sign, annexed to which was an affida davit of the plaintiff's attorney, addressed to the defendant, certifying that they were conformable to the truth, and that "this is to give you notice that the plaintiff will produce evidence before our supreme judicial court to sustain the same;" and copies of this bill and affidavit were duly served upon the defendant. THE COURT dismissed the application, because no petition had been filed and served.

*R. B. Caverly,* for the plaintiff.

*B. F. Butler,* for the defendant.

now decided that this defendant has, he must abide by his election. The other party is not obliged to be prepared to argue exceptions which the party excepting alleged not to be according to the truth.

By THE COURT. The statute only authorizes the party to allege exceptions in addition to those allowed by the judge. It does not affect his right to prosecute those exceptions, but expressly provides that " the same proceedings shall be had, in removing the case in which the exceptions are refused to the supreme judicial court, as are now provided by law in cases where exceptions are allowed and signed by the judge presiding in the court below." If for any cause the application to establish the truth of exceptions fails, the exceptions allowed stand as if no such application had been made.

The exceptions allowed were then argued.

By THE COURT. Upon the question of affiliation, the character of the complainant for chastity was not in issue. Nor had the evidence of particular acts of unchastity six months before the child was begotten any tendency to show that the defendant was not the father of the child. And the evidence upon these points had no legal tendency to discredit the complainant as a witness. Being offered for both cases, it was rightly rejected.

The defendant's inquiry about a nurse was proper evidence to be considered by the jury. It was neither a negotiation or offer of compromise, nor a narrative of any such offer or negotiation.

In an action for seduction, injury to the plaintiff's feelings is an element in computing the damages, as being a natural consequence of the principal injury; and need not be separately averred in the declaration. 　　　　*Exceptions overruled.*